**IN THE COURT OF APPEALS OF IOWA**

No. 23-2078
Filed April 9, 2025

**SKINNER HERITAGE HOMES, L.C.,**
    Plaintiff-Appellee,

**vs.**

**BOBBIE J. YOUNG and BILLY G. PARKS,**
    Defendant-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Homebuyers appeal a summary judgment ruling on a petition for recovery of real property. **AFFIRMED.**


        Matthew D. Gardner of Gardner Law Firm, P.C., Urbandale, for appellant.

        R. Bradley Skinner and Blake E. Huser of Skinner Law Office, P.C., Altoona, for appellee.


        Considered without oral argument by Schumacher, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Homebuyers Bobbie Young and Billy Parks appeal an adverse summary-judgment ruling following a petition for recovery of real property. They argued below that prepayments made to Skinner Heritage Homes (Skinner) prevented contract forfeiture, and they claim on appeal that disputed facts should have precluded summary judgment. Because this argument presents a legal rather than factual dispute, we affirm.

### I.      Background Facts and Proceedings

In October 2019, Young and Parks signed a contract to purchase a home from Skinner. The contract provided Young and Parks would pay $930.36 each month toward interest and then principal. The contract's second paragraph explains "Buyers shall pay interest . . . on the unpaid balance, at the rate of 7 percent per annum, payable Monthly." A monthly payment toward property taxes brought the amount due to $1178.76. Young and Parks would then owe a balloon payment at the end of ten years for the remaining principal and interest owed.

Under the terms of the agreement, Young and Parks could "prepay at any time without penalty." But failure to make payments as they "bec[a]me due" could mean forfeiture of the contract. The contract provided payments would apply "first to the earned interest and then to the unpaid principal balance." If the buyers

> (a) fail to make the payments . . . as same become due; or (b) fail to pay the taxes or special assessments or charges . . . then Sellers, in addition to any and all other legal and equitable remedies which they may have, at their option, may proceed to forfeit and cancel this contract as provided by law (Chapter 656 Code of Iowa).

During the first year, Young and Parks made extra payments. There is no indication in the record whether these were agreed to be prepayments of future

monthly payments or if they were instead just payments above the contracted amount to reduce the principal. Two bulk payments in December 2020 and February 2021 each appear to have been agreed to cover several months of scheduled payments. Young and Parks did not make their August and September 2021 scheduled payments, and Skinner filed a forcible entry and detainer (FED) action against Young and Parks but dismissed it after Young and Parks paid $2357.52—two months' payment—in November.

By then, Young and Parks had failed to make their October and November payments. Skinner followed the appropriate notice procedures under Iowa Code chapter 656 (2022), including mailing a forfeiture notice to them with time to cure and publishing notice in the newspaper when Young and Parks failed to answer their door for personal service. This time Young and Parks did not cure their default. Skinner continued to follow the statutory procedure, again mailed notice requiring curative payment within thirty days, and filed an affidavit of service with the county recorder. After the curative period had passed, Skinner amended the affidavit filed with the county recorder to note the failure to cure and resulting forfeit of contract. Later, Young and Parks sent a partial curative payment—dated after the thirty-day deadline to cure had passed—but Skinner returned the payment along with any other payments sent after the time to cure passed. Young and Parks continued to live in the home.

Skinner petitioned for recovery of the property in October 2022, with service by mailing and publication again. Young and Parks eventually filed answers asserting they "ha[d] been attempting to make payments in accordance with th[e]

contract but [Skinner] ha[d] been refusing them." They blamed any non-compliance on Skinner.

In June 2023, Skinner moved for summary judgment. Prepayments were referenced in Skinner's undisputed facts statement only so far as they formed the basis of Young and Parks's asserted compliance with the contract. Skinner requested damages for lost rent for thirteen months. Young and Parks did not appear and were not represented by counsel at the hearing. The district court granted the motion for summary judgment and issued a writ of removal from the home. After Young met with the court directly and claimed she did not know about the hearing, the court reconsidered the order, stayed the writ, and set a hearing. More than a month later, Young and Parks resisted summary judgment and filed a statement of disputed facts asserting that, based on their amortization schedule and to-date balance comparison, they were prepaid on their contractual obligation through November 2022.

The motion was heard again in September, and each party addressed the prepayment issue raised in Young and Parks's resistance. Skinner argued prepayment is "irrelevant" because Young and Parks did not cure the forfeiture; Young and Parks responded by arguing they were ahead on payments, which "did not give them the opportunity to cure . . . because there was nothing to cure."

The ruling by the district court held that "[t]he facts as cited by [Skinner] in its Statement of Undisputed Facts in Support of Motion for Summary Judgment remain undisputed," including the history of the forfeiture actions and the lack of cure by Parks and Young within the noticed timeframe after service. The district court granted summary judgment and ordered Young and Parks to pay Skinner

$15,323.88—the equivalent of thirteen months of installment payments. The district court denied the request to reconsider or expand this ruling. Young and Parks appeal.

## II. Standard of Review

In reviewing a summary judgment order, we seek to correct any "errors at law." *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018). Summary judgment is only appropriate when there is no "genuine issue as to any material fact." Iowa R. Civ. P. 1.981(3). A fact is material when it has a capacity to impact the outcome of the suit. *Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 162 (Iowa 2006). "[W]e view the record in the light most favorable to the party opposing summary judgment." *Bearshield v. John Morrell & Co.*, 570 N.W.2d 915, 917 (Iowa 1997).

## III. Discussion

First, we note the odd framing of Young and Parks's appeal: they claim the district court failed to acknowledge the disputed facts filed with their resistance to summary judgment. Skinner filed a motion to strike the resistance as untimely—it was—and at the hearing Young and Parks asked for the court's leave to allow the late resistance as counsel did not appear until after the deadline. *See* Iowa R. Civ. P. 1.981(3) (directing resisting parties to file their papers within fifteen days after the initial motion unless otherwise ordered by the court). The court did not address the lateness of the filing, but it would have been well within the court's discretion to strike the resistance and its accompanying materials. *See id.*

To recover the property, Skinner bore the burden of proving a right to possession—i.e. it had to show Young and Parks did not pay what they owed *when*

*they owed it.  See* Iowa Code § 646.24 (providing that the plaintiff must show they are "entitled to the immediate possession" of the property to get it back); *Coulthard v. McIntosh*, 122 N.W. 233, 236 (Iowa 1909) ("[The plaintiff] must recover, if at all, on the strength of his own claim of right or title . . . .").

Even if the prepayments presented an equitable argument against forfeiture, which we do not address here, the factual and procedural history do not establish error.  A district court assessing a challenge to forfeiture directly is in a different position than one assessing an indirect challenge through a separate action.  *See, e.g.*, *Lett v. Grummer*, 300 N.W.2d 147, 149 (Iowa 1981) (affirming the decision of a trial court voiding forfeiture).  Young and Parks not only stopped making regular payments—despite a contractual requirement to pay interest and taxes monthly—but then took actions to avoid service, only advancing their prepayments argument well after they failed to cure their default.

Young and Parks do not contest Skinner followed the appropriate procedures for forfeiture under Iowa Code chapter 656.  And that was when their prepayment argument would have been appropriate—to contest their delinquency and the validity of the forfeiture.  Notice was posted and published, and Skinner filed a notice of forfeiture with the county recorder's office with an affidavit of service that provided "constructive notice to all parties of the due forfeiture and cancellation of the contract."  Iowa Code § 656.5.  Young and Parks had the opportunity to cure or contest their default within the statutory period but did not do so.  *See id.* § 656.2.  None of the disputed facts offered by Young and Parks indicate any attempt to communicate with Skinner and resolve the default claim through their overpayments the year before.  Given these circumstances, the

district court did not act unreasonably in finding that any material dispute that may have existed was extinguished when the notice of forfeiture was recorded.

As this court recognized in *Ceilley Estate v. Andersen*, a buyer's history of nonpayment and failure to cure supports a court's enforcement of a forfeiture action. No. 09-0357, 2009 WL 2951293, at *6–7 (Iowa Ct. App. Sept. 2, 2009) (weighing the amount of default against the length of nonpayment and the failure of the contract buyers to cure). Young and Parks had a history of nonpayment and were provided with ample opportunities to cure or present the argument of prepayment in their defense during the forfeiture process; they chose not to. *See Black v. Robinson*, No. 01-1449, 2002 WL 1585853, at *1 (Iowa Ct. App. July 19, 2002) ("Flagrant and stubbornly deliberate breaches, even if minor when viewed from an economic standpoint, have been held to justify a forfeiture." (cleaned up)).

Young and Parks agreed to the terms of the contract, despite any defects they may now find in it. Forfeiture as a remedy for default was part of the contract. As only the legal question of whether this remedy was appropriate remained unresolved, the district court properly granted summary judgment. And we find no error in the award to Skinner of what was owed in installments post-forfeiture and legal fees.

**AFFIRMED.**